UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

**Chambers of**
**Douglas R. Miller**
**United States Magistrate Judge**

**101 West Lombard Street**
**Baltimore, Maryland 21201**
**MDD_DRMChambers@mdd.uscourts.gov**
**(410) 962-7770**

February 10, 2026

LETTER TO ALL COUNSEL OF RECORD

Re:   *Shane B. v. Frank Bisignano, Commissioner, Social Security Administration*[1]
       Civil No. 24-3607-DRM

Dear Counsel:

On December 13, 2024, Plaintiff Shane B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's" or "Commissioner's" or "Defendant's") final decision to deny Plaintiff's claim for Social Security benefits. ECF No. 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301. I have considered the record in this case and the parties' briefs. ECF Nos. 9, 12, 14, 15. I find that no hearing is necessary. *See* Loc. R. 105.6. The Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will REVERSE the Commissioner's decision. This letter explains why.

### I.   PROCEDURAL BACKGROUND

Plaintiff filed for Title II Disability Insurance Benefits ("DIB") and Title XVI Supplemental Security Income ("SSI") on January 18, 2023, alleging a disability onset date of August 31, 2022 in both applications. Tr. 19. Plaintiff was denied initially on July 10, 2023, and upon reconsideration on October 26, 2023. Tr. 123-130. On April 5, 2024, an Administrative Law Judge ("ALJ") held a hearing. Tr. 35-66. Following the hearing, on June 25, 2024, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[2] during the relevant time frame. Tr. 16-34. The Appeals Council denied Plaintiff's request for review, Tr. 1-8, so the ALJ's decision constitutes the final, reviewable decision of the SSA, *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000); *see also* 20 C.F.R. § 422.210(a).

---

[1] Plaintiff filed this case against Martin O'Malley, the Acting Commissioner of Social Security on December 13, 2024. ECF No. 1. Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Accordingly, Commissioner Bisignano has been substituted as this case's Defendant pursuant to Federal Rule of Civil Procedure 25(d). *See* Fed. R. Civ. P. 25(d).

[2] 42 U.S.C. §§ 301 et seq.

*Shane B. v. Frank Bisignano*
Civil No. 24-3607-DRM
February 10, 2026
Page 2

## II.   THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520, 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to [their] past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (citation omitted) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)).

Here, at step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 31, 2022, the alleged onset date. Tr. 21. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "squamous cell carcinoma of supraglottis in remission status post radiation; knee arthritis; obesity and rule out carpal tunnel syndrome/hand pain; depressive disorder; anxiety disorder; and, post traumatic stress disorder." Tr. 22. At step three, the ALJ determined that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 22. The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he could frequently climb ramps and stairs, but could not climb ladders, ropes or scaffolds; could occasionally kneel, crouch and crawl; occasionally interact with the general public in person or on the phone; could perform work requiring no more than occasional speaking/talking. He could handle, finger and feel frequently with the bilateral upper extremities.

Tr. 24. The ALJ determined that Plaintiff could not perform any past relevant work but could perform jobs that existed in significant numbers in the national economy such as classifier, router, and non-postal mail clerk. Tr. 28-30. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 30.

## III.   LEGAL STANDARD

The scope of the Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). It is "more than a mere scintilla but may be somewhat less than a preponderance." *Id.* In

*Shane B. v. Frank Bisignano*
Civil No. 24-3607-DRM
February 10, 2026
Page 3

conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

On appeal, Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence for two reasons. First, Plaintiff contends that the ALJ failed to build a logical bridge between the evidence of Plaintiff's breathing difficulties following treatment for laryngeal cancer and the RFC limitation restricting him to only occasional speaking and talking. ECF No. 12 at 8. Plaintiff asserts that this limitation does not address his shortness of breath on exertion, particularly given the standing and walking requirements of light work, and that the ALJ did not explain how Plaintiff could sustain such activity for a full workday. *Id.* at 9. Second, Plaintiff argues that the ALJ improperly evaluated the opinion of consultative examiner Dr. Melanie Montemayor, who concluded that Plaintiff was limited to less than sedentary work. *Id.* at 12-14. Plaintiff maintains that the ALJ failed to adequately analyze the supportability and consistency of Dr. Montemayor's opinion. *Id.*

In response, the Commissioner contends that the ALJ applied the correct legal standards and that substantial evidence supports the decision. ECF No. 14 at 7. The Commissioner argues that the ALJ reasonably limited Plaintiff to light work with additional restrictions that adequately accounted for Plaintiff's medically determinable impairments, including residual effects of throat cancer, mental health conditions, and musculoskeletal complaints. *Id.* at 15. The Commissioner states that Plaintiff's arguments improperly ask the Court to reweigh the evidence, which is beyond the scope of judicial review. *Id.* at 13. The Commissioner asserts that the ALJ properly found Dr. Montemayor's opinion unpersuasive because it was inconsistent with the broader medical record, relied heavily on Plaintiff's subjective complaints, and was unsupported by objective findings. *Id.* at 10-14. The Commissioner maintains that the ALJ's decision contains sufficient explanation to permit meaningful judicial review and should therefore be affirmed. *Id.* at 14.

On reply, Plaintiff reiterates that the ALJ failed to provide a logical explanation linking the evidence of Plaintiff's breathing difficulties to the RFC limitation of only occasional speaking and talking, leaving the Court unable to meaningfully review the decision. ECF No. 15 at 1. Plaintiff further argues that limiting speech does not address exertional shortness of breath inherent in light work and that the Commissioner's reliance on normal respiratory findings not cited by the ALJ constitutes impermissible *post hoc* rationalization, which requires remand. *Id.* at 2.

When evaluating medical opinions in claims filed on or after March 27, 2017[3], an ALJ must, as the Fourth Circuit recently explained:

---

[3] *See Revisions to Rules Regarding the Evaluation of Medical Evidence,* 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017).

> "evaluate the persuasiveness" of that evidence by applying a five-factor test, 20 C.F.R. § 404.1520c(a); *see also id.* § 404.1520c(b)(2), -(c). The factors are: (1) supportability, (2) consistency, (3) relationship with the claimant, (4) specialization, and (5) other factors. *Id.* § 404.1520c(c)(1)-(5).
>
> Although the Social Security Administration must ultimately "stat[e] the ... reason or reasons upon which" its final decision "is based," 42 U.S.C. § 405(b)(1), an ALJ need not explain in detail how he "evaluate[d] the persuasiveness," 20 C.F.R. § 404.1520c(a), of each piece of evidence in the record. The ALJ only needs to say, for each "medical source" in the record, how each of the first two factors applies—that is, whether that source's conclusions are supportable by medical evidence and consistent with the rest of the record. *Id.* § 404.1520c(b)(1), -(2). An ALJ must consider all five factors, but need not discuss any save the first two unless those other factors are dispositive. *Id.* § 404.1520c(b)(3); *see* 42 U.S.C. § 405(b)(1).

*Drumgold v. Comm'r of Soc. Sec.*, 144 F.4th 596, 604-05 (4th Cir. 2025).

> The relevant regulations define these first two factors as follows:
>
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency*. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 404.1520c(c)(1)-(2).

Here, the ALJ's consideration of Dr. Montemayor's opinion consisted of the following paragraph:

> On May 27, 2023, the claimant presented to Melanie Montemayor, MD for an internal medicine consultative examination, who opined that the claimant had no limits in sitting; could stand and walk 1-2 hours at a time and 2 out of 8 hours total, due to back pain; lift and carry 5 lbs. frequently and 10 lbs. occasionally, while occasionally bending, stooping, crouching and squatting due to back pain; can frequently grasp, handle and feel due to bilateral hand numbness and rule out carpal tunnel syndrome; communicative limits due to dysarthria, but no other limits. *This is supported by the claimant's clinical examination presentation which revealed allegations of 10 out of 10 pains, some reduced lumbar spine range of motion with otherwise all normal range*

*Shane B. v. Frank Bisignano*
Civil No. 24-3607-DRM
February 10, 2026
Page 5

> *of motion.* Grip strength was 5 out of 5 bilaterally. The claimant could squat and rise with difficulty but was not using an assistive device and had an asymmetric gait. His voice was hoarse (Exhibit 6F). The claimant was laid off a job in August of 2022, where he performed heavy to very heavy work. *Nothing in the evidence of record or testimony explains the change from very heavy to sedentary (Exhibit 12F). Accordingly, it is not persuasive.*

Tr. 28. (emphasis added).

The italicized sentence comports with the supportability requirement for the ALJ's analysis of Dr. Montemayor's opinion. Tr. 28. In particular, the ALJ references Dr. Montemayor's clinical examination and her conclusions which, the ALJ finds, supports her proposed limitations. *See Michael C. v. Kijakazi*, No. BAH-22-0129, at *4 (D. Md. Oct. 24, 2022) (finding that ALJ adequately assessed supportability when ALJ noted provider's observations and results of examinations). To the extent the ALJ is expressing any perceived inconsistencies between Dr. Montemayor's opinion and the observations on which it was based, internal inconsistencies go to an opinion's supportability.[4]

The ALJ's evaluation of Dr. Montemayor's opinion does not, however, comport with the regulatory requirement to assess consistency with other record evidence. The ALJ did not explain how any "evidence from other medical and nonmedical sources" was inconsistent with Dr. Montemayor's opinion, as required by 20 C.F.R. § 404.1520c(c)(2). *See, e.g.*, *Shayna R. v. Kijakazi*, No. BAH-21-1803, 2022 WL 1239876, at *5 (D. Md. Apr. 27, 2022) (finding that the ALJ adequately assessed consistency when the ALJ noted specific instances of inconsistency between medical opinion and the record); *Amanda C. v. Dudek*, No. CDA-23-2877, 2025 WL 722691, at *3 (D. Md. Mar. 6, 2025) (concluding that remand was not warranted where the ALJ adequately assessed consistency by comparing Plaintiff's testimony regarding her ability to care for her five-year old child, instances in the record identifying waxing and waning symptoms, and clinical imaging which demonstrated only mild osteoarthritis of the hips to the medical opinion); *Denise J. v. Dudek*, No. CDA-24-0040-CDA, 2025 WL 918426, at *4 (D. Md. Mar. 26, 2025) (finding that the ALJ adequately assessed consistency when, in comparison to the medical opinion, referencing specific findings of normal cognitive functioning, pleasantness, and cooperative attitude on evaluations and Plaintiff's reports that anxiety is well-managed on medication from the record).

The ALJ discounted Dr. Montemayor's opinion on the ground that "[n]othing in the evidence of record or testimony explains the change from very heavy to sedentary (Exhibit 12F)." Tr. 28. It was reasonable for the ALJ to look for evidence as to how Plaintiff became capable of

---

[4] 20 C.F.R. § 404.1502(d) defines "medical source" as "an individual" who meets certain licensing or certification requirements. 20 C.F.R.§ 404.1502(e) provides examples of "non-medical sources," all of which are categories of individuals. In this context, "evidence from other medical sources and nonmedical sources" must therefore refer to evidence from other individuals and not from the same provider.

lifting and carrying only five pounds frequently and ten pounds occasionally, when he was able to do work requiring him to lift and carry much more prior to his claimed disability onset date some 9 months earlier. But this analysis has two defects.

First, its reasoning seemingly imposes a heightened requirement that the record contain other evidence affirmatively corroborating Dr. Montemayor's assessed limitations. However, 20 C.F.R. § 404.1520c(c)(2) merely states that "[t]he more consistent a medical opinion . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion . . . will be." Second, while the ALJ cited Exhibit 12F—which consists of physical therapy treatment notes dated February 5, 2024, through March 21, 2024, addressing Plaintiff's lifting, squatting, and weight-bearing abilities—he did not *explain* how these records were inconsistent with Dr. Montemayor's opinion, as was required under 20 C.F.R. § 404.1520c(b)(2). *See* Tr. 585-631. For both reasons, the Court cannot meaningfully review the ALJ's consistency analysis, and remand is warranted.

Defendant is correct that an ALJ's decision must be read "as a whole." *Keene v. Berryhill*, 732 F. App'x 174, 177 (4th Cir. 2018). However, the Court cannot fill the logical gaps in the ALJ's reasoning. The regulation required the ALJ to conduct *and explain* a consistency analysis of Dr. Montemayor's opinion. 20 C.F.R. § 404.1520c(b)(2). That did not occur, and "[o]ur circuit precedent makes clear that it is not the Court's role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record." *Fox v. Colvin*, No. 14-2237, 2015 WL 9204287, at *4 (4th Cir. Dec. 17, 2015).

Therefore, remand is necessary so that the ALJ can provide an analysis of Dr. Montemayor's opinion that fully comports with 20 C.F.R. § 404.1520c. The Court takes no position on what level of persuasiveness, if any, should attach to Dr. Montemayor's opinions. Because the case is being remanded on the grounds described above, I need not address other arguments that appear in Plaintiff's brief. On remand, the ALJ is welcome to consider these arguments and make any required adjustments to the opinion. Additionally, in remanding for further explanation, the Court expresses no opinion as to whether the ALJ's conclusion that Plaintiff is not entitled to benefits is correct.

## V.  CONCLUSION

For the reasons set forth herein, pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REMANDED.

Despite the informal nature of this letter, it should be docketed as a Memorandum Opinion. A separate implementing Order follows.

*Shane B. v. Frank Bisignano*
Civil No. 24-3607-DRM
February 10, 2026
Page 7

                                      Sincerely,

                                               /s/

                                      Douglas R. Miller
                                      United States Magistrate Judge